**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Mercury Public Affairs LLC,<br><br>              Plaintiff,<br><br>-against-<br><br>Airbus Defence and Space, S.A.U., f/k/a Airbus Military and Airbus Defense and Space, Inc.,<br><br>              Defendants. | 19 Civ. 7518 (VSB) |

**MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS**

> Jeff. E. Butler
> Michael Lightfoot
> CLIFFORD CHANCE US LLP
> 31 West 52nd Street
> New York, New York 10019
> Tel: 212-878-8000
> Fax: 212-878-8375
>
> *Attorneys for Airbus Defence and Space, S.A.U., and Airbus U.S. Space & Defense, Inc. f/k/a Airbus Defense and Space, Inc.*

Dated: November 22, 2019

## TABLE OF CONTENTS

Page

Introduction ............................................................................................................................ 1

Factual Background ............................................................................................................... 1

Argument ............................................................................................................................... 3

I. THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER THIS ACTION. ................................................................................................. 3

II. THIS ACTION SHOULD BE DISMISSED BECAUSE MERCURY
AGREED TO ARBITRATE THIS DISPUTE. .............................................................. 4

III. DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION
IN NEW YORK. ............................................................................................................ 5

Conclusion ............................................................................................................................. 7

## TABLE OF AUTHORITIES

### Cases

*Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*,
   No. 06 Civ. 13009 (PAC), 2007 WL 2757116 (S.D.N.Y. Sept. 21, 2007) ................................ 7

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) .................................................................................................... 6

*Briese Lichttechnik Vertriebs GmbH v. Langton*,
   No. 09 Civ. 9790 (LTS)(MHD), 2012 WL 5457681 (S.D.N.Y. Nov. 8, 2012) ........................ 6

*Buckeye Check Cashing Inc. v. Cardegna*,
   546 U.S. 440 (2006) ................................................................................................................ 4

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985) ............................................................................................................. 5, 6

*Citigroup, Inc. v. City Holding Co.*,
   97 F. Supp. 2d 549 (S.D.N.Y. 2000) ....................................................................................... 6

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................................ 6

*Dean Witter Reynolds Inc. v. Byrd,*
   470 U.S. 213 (1985) ............................................................................................................. 4, 5

*Genesco, Inc. v. T. Kakiuchi & Co.,*
   815 F.2d 840 (2d Cir. 1987) .................................................................................................... 5

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*,
   213 F.3d 48 (2d Cir. 2000) ...................................................................................................... 3

*Int'l Customs Assocs., Inc. v. Ford Motor Co.*,
   893 F.Supp. 1251 (S.D.N.Y. 1995),
   *aff'd*, 201 F.3d 431 (2d Cir. 1996) .......................................................................................... 7

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945) ................................................................................................................ 5

*Jawbone, LLC v. Donohue*,
   No. 01 Civ. 8066 (CSH), 2002 WL 1424587 (S.D.N.Y. Jun. 28, 2002) .............................. 3, 4

*Lincoln Property Co. v. Roche*,
   546 U.S. 81 (2005) .................................................................................................................. 3

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*,
   84 F.3d 560 (2d Cir. 1996) .................................................................................................. 5, 6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) .................................................................................................................... 4

*Pagan v. Bug Runner Extermintion Co.*,
   No. 17 Civ. 06777 (SHS), 2017 WL 4326075 (S.D.N.Y. Sept. 19, 2019) ............................... 3

*Porina v. Marward Shipping Co., Ltd.*,
   521 F.3d 122 (2d Cir. 2008) ................................................................................................ 5, 6

*Ritchie Capital Mgmt. LLC v. General Elec. Capital Corp.*,
   87 F. Supp. 3d 463 (S.D.N.Y. 2015) ....................................................................................... 3

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
   450 F.3d 100 (2d Cir. 2006) .................................................................................................... 5

*World-Wide Volkswagen Corp. v. Woodson*,
   444 U.S. 286 (1980) ................................................................................................................ 5

**Statutes and Rules**

28 U.S.C. § 1332 ............................................................................................................................ 3

N.Y.C.P.L.R. 302 ..................................................................................................................... 6, 7

Airbus Defence and Space, S.A.U. ("ADSS") and Airbus U.S. Space & Defense, Inc. f/k/a Airbus Defense and Space, Inc. ("ADSI") respectfully submit this memorandum of law in support of their motion to dismiss this action by Mercury Public Affairs LLC ("Mercury").

## Introduction

This is an action for breach of contract. Mercury alleges that ADSS and ADSI entered a consulting services agreement with Mercury, that Mercury performed consulting services and that, as a result, fees specified in the contract are due and owing to Mercury. By bringing this action, Mercury seeks to recover those alleged contractual fees.

Although Mercury's legal claim may be straightforward, this federal action is fundamentally misconceived. As an initial matter, there is no subject matter jurisdiction in federal court because there is not complete diversity among the parties. In addition, the alleged contract at issue contains a broad arbitration clause requiring any dispute to be resolved by arbitration in Washington DC. Finally, there is no personal jurisdiction over ADSS or ADSI because those entities do not have minimum contacts with the State of New York.

For all of these reasons, this action should be dismissed.

## Factual Background

Mercury is a Delaware limited liability company authorized to do business in New York. (Compl. ¶ 2.) The Complaint does not allege the identity or citizenship of the members of Mercury.

ADSS is a Spanish corporation with its principal place of business in Madrid, Spain. (Compl. ¶ 3.) ADSI is a Delaware corporation with its principal place of business in Virginia. (Compl. ¶ 4.)

Mercury alleges that, in 2013, Defendants hired Mercury to assist them in selling the Airbus Transport and Mission Aircraft.  (Compl. ¶¶ 10-11.)  This arrangement was memorialized in a draft contract between Mercury and ADSI that was circulated in June 2014 but was never signed by ADSI.  (Compl. ¶¶ 18, 22.)  The draft contract is attached to the Complaint as Exhibit 1.

The draft contract requires any dispute between the parties to be resolved by arbitration in Washington DC under the Rules of the International Chamber of Commerce.  Sections 12.2 and 12.3 of the draft contract state as follows:

> 12.2  The Parties shall attempt to reach an amicable settlement of all claims, controversies or disputes arising out of or in connection with any threatened, alleged or actual breach of this Agreement by either Party (a "Dispute") within 30 (thirty) days of receipt of notice of a dispute by one Party to the other. Any Dispute that is not so amicably settled shall be finally resolved exclusively through arbitration as hereinafter set forth.
>
> 12.3  Any Dispute which is not resolved as provided above shall be referred to and finally resolved by arbitration under the rules of the International Chamber of Commerce ("ICC"). Arbitration shall be conducted under the auspices of three arbitrators. Each Party may appoint an arbitrator to the panel and the two arbitrators selected by the Parties shall together agree on the appointment of a third arbitrator.

Section 12.4.1 states that "[t]he arbitration shall take place in Washington, DC area unless otherwise mutually agreed."

Mercury alleges that the work it carried out for Defendants included dedicating resources to meet and confer with government officials in the United Nations and abroad.  (Compl. ¶ 13.)  Mercury alleges that it participated in meetings at the United Nations headquarters and that it performed support work that was necessary to bring about those meetings in New York City.  (Compl. ¶¶ 14-15.)  However, the Complaint does not allege any action by ADSS or ADSI in New York in relation to the draft contract that forms the basis of the current lawsuit.

Mercury alleges that, in or about August 2014, it ceased doing any further work in connection with the draft contract. (Compl. ¶ 23.) Mercury alleges that it has still not been paid for its services prior to August 2014 and that non-payment is the basis for its claims in this action. (Compl. ¶¶ 24-38.) Mercury alleges that Defendants have justified non-payment to Mercury by reference to Airbus policies, procedures and international norms and the results of enhanced due diligence that have been performed on Mercury. (Compl. ¶ 34.)

## Argument

**I.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION.**

The only basis for subject matter jurisdiction asserted in the Complaint is diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 5.) It is well-settled, however, that diversity jurisdiction requires "complete" diversity between the plaintiffs and defendants. *Lincoln Property Co., v. Roche*, 546 U.S. 81, 89 (2005); *Pagan v. Bug Runner Extermination Co.*, 17 Civ. 06777 (SHS), 2017 WL 4326075, at *2-3 (S.D.N.Y. Sep. 19, 2017).

Here, both the plaintiff, Mercury, and a defendant, ADSI, are alleged to be citizens of Delaware. For this reason, complete diversity is lacking and this action should be dismissed for lack of subject matter jurisdiction.

In addition, Mercury has ignored the pleading requirements for diversity jurisdiction in cases involving limited liability companies. For a limited liability company, the citizenship of the members must be taken into account when assessing complete diversity. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Ritchie Capital Mgmt., LLC v. General Elec. Capital Corp.*, 87 F. Supp. 3d 463, 465 (S.D.N.Y. 2015). For this reason, a complaint asserting diversity jurisdiction must allege the identity and citizenship of the members of any limited liability company named as a party. *See, e.g., Jawbone, LLC v. Donohue*, No. 01

Civ. 8066 (CSH), 2002 WL 1424587, at *2 ( S.D.N.Y. Jun. 28, 2002) ("The Complaint's jurisdictional allegations as to Jawbone and Gilbride Tusa are obviously flawed, however, because both of those entities are limited liability companies. The Complaint does not identify the members of those entities or state where those members are domiciled.")

Mercury is a limited liability company, but Mercury has not alleged the identity or the citizenship of its members. For this additional reason, the Complaint should be dismissed for lack of subject matter jurisdiction.

**II.     THIS ACTION SHOULD BE DISMISSED BECAUSE MERCURY AGREED TO ARBITRATE THIS DISPUTE.**

This dispute arises from an alleged contract between Mercury and ADSI for the provision of consulting services. Although a copy of the draft contract is attached as Exhibit 1 to the Complaint, Mercury ignores that the draft contract contains a broad arbitration clause. Specifically, Section 12.3 requires any dispute between the parties to be resolved by arbitration in Washington DC under the rules of the International Chamber of Commerce. This provision of the alleged contract should be enforced and, accordingly, this action should be dismissed.

Through the Federal Arbitration Act, Congress has recognized a public policy favoring the enforcement of agreements to arbitrate disputes. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 US 1, 24 (1983) (describing the Federal Arbitration Act as a "congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary"); *Buckeye Check Cashing Inc. v. Cardegna*, 546 U.S. 440, 443 (2006) (noting that the Federal Arbitration Act "embodies the national policy favoring arbitration"). Consistent with this policy, federal courts direct parties to proceed to arbitration where there is an express arbitration clause. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (holding that the Federal Arbitration

Act's language "leaves no place for the exercise of discretion by a district court."); *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 844 (2d Cir.1987) (same).

The parties here agreed to arbitrate the claims set forth in the Complaint. The arbitration agreement should be enforced and this action should be dismissed.

### III.   DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN NEW YORK.

This action should also be dismissed because ADSS and ADSI are not subject to personal jurisdiction in New York. In diversity cases, federal courts determine whether or not to exercise personal jurisdiction over a foreign party based on the Due Process Clause and the long arm statute of the state in which they sit. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). Because the exercise of personal jurisdiction would not comport with due process or the New York long-arm statute, ADSS and ADSI are not subject to suit here.

The Due Process Clause prevents a court from exercising jurisdiction over a defendant, unless the defendant has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). The defendant's contacts with the forum state cannot be merely haphazard or attenuated; rather, the "defendant's conduct and connection with the forum State" must be such that it should "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, at 474-75 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

To determine whether the exercise of personal jurisdiction is consistent with due process, courts "apply a two-step analysis in any given personal jurisdiction case." *Porina v. Marward Shipping Co., Ltd.*, 521 F.3d 122, 127 (2d Cir. 2008) (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996)). *First*, the Court decides whether

the defendant has sufficient "minimum contacts" with the forum, which may be satisfied by establishing either general or specific personal jurisdiction over the defendant. *Id*. *Second*, even if such minimum contacts are established, a court must then consider "whether the assertion of personal jurisdiction 'is reasonable under the circumstances of the particular case" and comports with traditional notions of fair play and substantial justice. *Id*. These tests are not met here.

There is no general personal jurisdiction over ADSS or ADSI. ADSS is a Spanish corporation with its principal place of business in Madrid, Spain. ADSI is a Delaware corporation that has its principal place of business in Virginia. Neither entity is "at home" in New York. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014).

Specific jurisdiction is also lacking. Specific jurisdiction is appropriate under the Due Process Clause only when the claim at issue arises from or involves conduct specifically directed to the forum state. Due process is satisfied if the defendant has "purposefully directed" its activities at residents of the state and the suit involves alleged injuries that "arise out of or related to" those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 472-73. The test under the CPLR is also exacting. "Under New York's long-arm statute, CPLR § 302(a)(1), a court may exercise specific jurisdiction over a non-domiciliary where: (1) the non-domiciliary defendant transacts business within New York; and (2) the claim against the non-domiciliary defendant arises directly out of this activity." *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 Civ. 9790 (LTS)(MHD), 2012 WL 5457681, *2 (S.D.N.Y. Nov. 8, 2012); *see also Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007). Thus, in order to exercise personal jurisdiction there must a strong nexus between the plaintiff's cause of action and the defendant's instate conduct. *See Citigroup, Inc. v. City Holding Co*., 97 F. Supp. 2d 549, 564 (S.D.N.Y. 2000). "The appropriate focus of an inquiry under CPLR 302(a)(1) is on what the non-domiciliary

defendant did in New York and not on what the Plaintiffs did." *Berkshire Capital Grp., LLC v. Palmet Ventures, LLC*, No. 06 Civ. 13009 (PAC), 2007 WL 2757116, at *4 (S.D.N.Y. Sept. 21, 2007) (quoting *Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1262 (S.D.N.Y.1995), *aff'd*, 201 F.3d 431 (2d Cir. 1996)).

These requirements are not met here.  The Complaint does not allege that ADSS or ADSI did *anything* in New York in connection with the consulting agreement at issue.  The allegations that Mercury is authorized to do business in New York and that Mercury has its principal place in New York do not imply that ADSS or ADSI took any action in New York.   Thus, there is no strong nexus between any of Mercury's causes of action and any in-state conduct by ADSS or ADSI.

## Conclusion

For all the foregoing reasons, this action should be dismissed.

Dated: November 22, 2019
       New York, New York

                                            Respectfully submitted,

                                             s/ Jeff E. Butler_____
                                            Jeff E. Butler
                                            Michael Lightfoot
                                            CLIFFORD CHANCE US LLP
                                            31 West 52nd Street
                                            New York, New York 10019
                                            Tel: 212-878-8000
                                            Fax: 212-878-8375

                                            *Attorneys for Airbus Defence and Space, S.A.U. and Airbus U.S. Space & Defense, Inc. f/k/a Airbus Defense and Space, Inc.*