UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mercury Public Affairs LLC,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>Airbus Defence and Space, S.A.U., f/k/a Airbus Military,<br><br>　　　　　　Defendant. | 19 Civ. 7518 (MKV) |

# ANSWER

Defendant Airbus Defence and Space, S.A.U. ("ADSS"), by and through its undersigned attorneys, hereby answers the Amended Complaint as follows:

1. Denies the allegations in Paragraph 1, except admits that plaintiff Mercury Public Affairs LLC ("Mercury") has invoked diversity jurisdiction, asserted claims for breach of contract and account stated, and alleged the provision of consulting services by Mercury.

2. States that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2, except admits that Mercury is a Delaware limited liability company.

3. States that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3.

4. States that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5. Admits the allegations in Paragraph 5.

6. Admits the allegations in Paragraph 6.

7. Denies the allegations in Paragraph 7.

8. Admits the allegations in Paragraph 8.

9. Admits the allegations in Paragraph 9.

10. Denies the allegations in Paragraph 10, except admits that Mercury began performing services in cooperation with ADSS in or about April 2013.

11. Denies the allegations in Paragraph 11.

12. Denies the allegations in Paragraph 12.

13. Denies the allegations in Paragraph 13.

14. Denies the allegations in Paragraph 14.

15. Denies the allegations in Paragraph 15, except admits that Mercury set up and participated in meetings at the United Nations headquarters in New York City.

16. Denies the allegations in Paragraph 16, except admits that employees of ADSS attended some meetings involving Mercury at the United Nations.

17. States that it lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18. Denies the allegations in Paragraph 18, except admits that employees of ADSS attended some meetings involving Mercury at the United Nations.

19. Denies the allegations in Paragraph 19, except admits that, during the time period in which Mercury was performing services in cooperation with ADSS, Mercury and ADSS were working together to finalize a written agreement to memorialize the arrangement.

20. Denies the allegations in Paragraph 20, except admits that ADSS prepared a draft written agreement and that ADSS informed Mercury that a draft agreement was being prepared and would be forwarded to Mercury.

21. Denies the allegations in Paragraph 21, except admits that ADSS forwarded a draft written agreement to Mercury in or about June 2014.

22. Denies the allegations in Paragraph 22, except admits that ADSS proposed to make its U.S. affiliate, Airbus Defense and Space, Inc. ("ADSI"), the named party in the written agreement with Mercury.

23. Denies the allegations in Paragraph 23, except states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning contacts between Mercury and ADSI.

24. Denies the allegations in Paragraph 24, except refers to the draft written agreement for its contents.

25. Denies the allegations in Paragraph 25, except refers to the draft written agreement for its contents.

26. Denies the allegations in Paragraph 26, except admits that, on or about June 9, 2014, Mercury executed and returned the draft written agreement to ADSS.

27. Denies the allegations in Paragraph 27, except admits that neither ADSS nor ADSI ever countersigned the draft written agreement.

28. Denies the allegations in Paragraph 28, except admits that Mercury received no payment from ADSS or ADSI and that, in August 2014, Mercury ceased performing services in cooperation with ADSS.

29. Denies the allegations in Paragraph 29, except admits that, in the months following August 2014, employees of ADSS and Mercury had conversations regarding payment for services performed by Mercury.

30. Denies the allegations in Paragraph 30, except admits that ADSS indicated that it needed to complete a due diligence review of Mercury.

31. Denies the allegations in Paragraph 31.

32. Denies the allegations in Paragraph 32.

33. Denies the allegations in Paragraph 33, except admits that ADSS requested that Mercury complete a Third Party Questionnaire as part of its due diligence review.

34. Denies the allegations in Paragraph 34, except refers to the email and document referenced for their contents.

35. Denies the allegations in Paragraph 35, except admits that, on or about December 5, 2015, Mercury sent invoices to ADSS and refers to those invoices for their contents.

36. Denies the allegations in Paragraph 36, except admits that one or more employees of ADSS sent emails to Mercury concerning Mercury's requests for payment and refers to those emails for their contents.

37. Denies the allegations in Paragraph 37, except admits that ADSS did not make any payment to Mercury, admits that Mercury sent a letter to Airbus Group's CEO on or about May 17, 2017 and refers to that letter for its contents.

38. Admits the allegations in Paragraph 38 and refers to the letter referenced for its complete contents.

39. Admits the allegations in Paragraph 39 and refers to the letter referenced for its complete contents.

40. Denies the allegations in Paragraph 40, except refers to the letter referenced for its contents.

41. Denies the allegations in Paragraph 41.

42. Denies the allegations in Paragraph 42.

43. Denies the allegations in Paragraph 43.

44. Repeats and restates its responses to Paragraphs 1 through 43.

45. Denies the allegations in Paragraph 45.

46. Denies the allegations in Paragraph 46.

47. Denies the allegations in Paragraph 47.

48. Denies the allegations in Paragraph 48.

49. Denies the allegations in Paragraph 49, except admits that ADSS has not made any payment to Mercury.

50. Denies the allegations in Paragraph 50.

51. Repeats and restates its responses to Paragraphs 1 through 50.

52. Denies the allegations in Paragraph 52.

53. Denies the allegations in Paragraph 53.

54. Denies the allegations in Paragraph 54, except admits that ADSS has not made any payment to Mercury.

55. Denies the allegations in Paragraph 55.

56. Repeats and restates its responses to Paragraphs 1 through 55.

57. Denies the allegations in Paragraph 57.

58. Denies the allegations in Paragraph 58.

59. Denies the allegations in Paragraph 59.

60. Denies the allegations in Paragraph 60, except admits that ADSS has not made any payment to Mercury.

61. Denies the allegations in Paragraph 61.

62. Repeats and restates its responses to Paragraphs 1 through 61.

63. Denies the allegations in Paragraph 63.

64. Denies the allegations in Paragraph 64.

65. Denies the allegations in Paragraph 65, except admits that ADSS has not made any payment to Mercury.

**Affirmative Defenses**

ADSS intends to raise the following affirmative defenses to the claims asserted by Mercury:

1. This action should be dismissed because the Court lacks personal jurisdiction over ADSS.

2. This action should be stayed pursuant to 9 U.S.C. § 3 because issues are referable to arbitration.

3. Mercury's claims are barred in whole or in part by the applicable statute of limitations.

4. Mercury's claims are barred in whole or in part by the applicable statute of frauds.

5. Mercury's claims are barred in whole or in part by the doctrine of laches.

6. Mercury's claims are barred in whole or in part by the doctrine of mitigation of damages.

Dated: September 7, 2020

Respectfully submitted,

     S/  Jeff E. Butler

Jeff E. Butler
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Tel: 212-878-8000
Fax: 212-878-8375

*Attorneys for Airbus Defence and Space, S.A.U.*