**C L I F F O R D**
**C H A N C E**

CLIFFORD CHANCE US LLP

31 WEST 52ND STREET
NEW YORK, NY 10019-6131

TEL +1 212 878 8000
FAX +1 212 878 8375

www.cliffordchance.com

**BY ECF**

Hon. Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Direct Dial: +1 212 878 8205
E-mail: jeff.butler@cliffordchance.com

September 25, 2020

**Mercury Public Affairs v. Airbus Defence and Space, 19 Civ. 7518 (MKV)**

Dear Judge Vyskocil,

On behalf of defendant Airbus Defence and Space, S.A.U. ("ADSS"), we write pursuant to the Court's Individual Rules to request a pre-motion conference with respect to a motion to stay this proceeding pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3. ADSS previously moved to dismiss the Amended Complaint in this action in favor of arbitration. The motion to dismiss was denied by the Court in an Opinion and Order dated August 21, 2020.

ADSS contends that the issues in this action are referable to arbitration based on a draft agreement executed by plaintiff Mercury Public Affairs LLC ("Mercury") in June 2014. Mercury alleges that the writing memorializes the terms of a "verbal contract" with ADSS allegedly entered in or about April 2013. The draft agreement contains an arbitration clause requiring disputes to be resolved by arbitration under the rules of the International Chamber of Commerce in Washington, DC.

We are aware that the Court has denied ADSS's motion to dismiss based on the arbitration clause. The Court's decision, however, was governed by a motion to dismiss standard, and the Court expressly referenced "the limited record before it at this motion to dismiss stage." (Op. at 12.) A motion to stay, in contrast, would be governed by a different legal standard and the Court could, if necessary, hold an evidentiary hearing to resolve any factual issues. *See Meyer v. Uber Technologies, Inc.*, 868 F.3d 66, 74 (2d Cir. 2017) (applying a standard similar to summary judgment to a motion to compel arbitration).

This case presents somewhat unusual circumstances relating to contract formation. Mercury is alleged to have begun work in April 2013 based on a verbal agreement with ADSS. That verbal agreement was later "memorialized" in a written agreement between Mercury and ADSS's

**C L I F F O R D**  
**C H A N C E**                                                         CLIFFORD CHANCE US LLP

affiliate, Airbus Defense and Space, Inc. ("ADSI"). In June 2014, it is alleged that ADSS provided a draft of the ADSI agreement to Mercury, which Mercury promptly executed and returned to ADSS. However, neither ADSS nor ADSI ever countersigned the writing executed by Mercury.

Several legal theories support the conclusion that the arbitration clause contained in the writing executed by Mercury is enforceable by ADSS. First and foremost, Mercury alleges that it had a verbal agreement with ADSS that was memorialized, at least in part, by the draft agreement between ADSI and Mercury. Thus, the Court could find that the arbitration clause in the draft agreement was a component of a verbal agreement between Mercury and ADSS (memorialized in writing) regardless of the named parties in the draft agreement.

In addition, the Second Circuit has recognized a number of situations in which a non-signatory may be bound by an arbitration clause in an agreement involving other parties under "ordinary principles of contract and agency." *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 97 (2d Cir. 1999). These principles include "(1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and (5) estoppel." *Id.*; *Thomson–CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d Cir. 1995). Here, if the Court finds that an enforceable arbitration agreement exists between ADSI and Mercury, the same clause could be extended to ADSS under several of these principles.

In particular, the Second Circuit has recognized a theory of estoppel that applies directly to the facts of this case. Under this theory, a signatory to an arbitration clause may be estopped from avoiding arbitration with a non-signatory "when the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Smith/Enron*, 198 F.3d at 98; *see also Thomson–CSF*, 64 F.3d at 779. In this case, of course, Mercury executed a draft agreement that contains an arbitration clause, and the issues in this case are intertwined with the content of the draft agreement.

The proposed motion to stay would address these issues in more detail, and would give the Court the opportunity to make factual findings concerning the agreement, if any, at issue in this case. Mercury has not consented to this motion.

Respectfully submitted,

   *S/ Jeff E. Butler*

Jeff E. Butler